UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIT VIPER, LLC, | ) |
| Plaintiff, | ) )  ) |
| v. | ) No. 23 C 14761 )  ) Judge Sara L. Ellis |
| XI'AN JIAYE TENGDA TRADING CO., LTD., d.b.a. BYTEBYTE, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff Pit Viper, LLC ("Pit Viper"), which designs, manufactures, and sells performance eyewear, sued 138 entities for infringing its federally registered trademarks by selling counterfeit sunglasses. The Court granted Pit Viper's motion for a temporary restraining order ("TRO") on October 17, 2023, Doc. 21, and entered a preliminary injunction order on November 13, 2023, Doc. 35. Pit Viper settled with some defendants and obtained a default judgment against the remaining defendants on January 17, 2024. Doc. 57. Defendant Xi'an Jiaye Tengda Trading Co., Ltd., d.b.a. bytebyte ("Bytebyte") filed an appearance on May 16, 2024, seeking to vacate the default judgment against it. The Court vacated the default judgment against Bytebyte on May 29, 2024. Doc. 68. Bytebyte now moves to dismiss Pit Viper's claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, alternatively, for a more definite statement pursuant to Rule 12(e), Doc. 82.[1] Because Pit

---

[1] In its reply brief, Bytebyte raises arguments concerning the validity of Pit Viper's trademarks. Bytebyte notes, however, that it does "not expect[ ] this Court to find the trademarks invalid at this stage" and instead offers the argument "simply to show that a strong case can be made for invalidity and [Bytebyte] should be allowed to make the case." Doc. 94 at 3. Pit Viper moved to strike the portions of Bytebyte's reply addressing the validity of Pit Viper's trademarks [95], arguing that Bytebyte improperly raised these only in reply. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992) ("This argument is waived, however, as the plaintiff failed to raise it until his reply brief, leaving the defendants no chance to

Viper has made out a prima facie case of jurisdiction over Bytebyte in Illinois, the Court denies Bytebyte's motion to dismiss. And because Pit Viper sufficiently provided Bytebyte with notice of the claims it asserts against Bytebyte, including the specific trademarks allegedly infringed by Bytebyte's product, the Court denies Bytebyte's alternative motion for a more definite statement.

## BACKGROUND[2]

Pit Viper designs, manufactures, and sells performance eyewear. It owns several federally registered trademarks, including Reg. No. 6,903,760 and Reg. No. 6,903,761.

Bytebyte is a Chinese company registered in China, with all of its operations based in China. It operates an online storefront on Amazon, through which it has made sales to consumers in the United States, including Illinois. Between December 2020 and December 2023, Bytebyte has completed at least 422 transactions with Illinois residents and over 11,000 transactions with United States residents. The parties disagree on how much revenue Bytebyte has derived from Illinois, with Pit Viper claiming it amounts to almost $5,000 and Bytebyte maintaining it totals $3,502.62. According to Bytebyte, the revenue from its Illinois sales, $3,502.62, amounts to 3.38% of the total revenue from sales of all products it has offered on its Amazon storefront.

Among other products, Bytebyte has offered for sale sunglasses that bear counterfeits of the Pit Viper trademarks (the "Counterfeit Product"). Bytebyte represents that it added the listing for the Counterfeit Product on August 11, 2023, with the product warehoused in and

---

respond."). The Court agrees that arguments concerning the validity of the trademarks are not properly before the Court, and so grants Pit Viper's motion to strike and does not consider arguments related to the validity of the trademarks in ruling on Bytebyte's motion to dismiss.

[2] In addressing personal jurisdiction, the Court is not limited to the pleadings. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Therefore, the Court draws the facts from the complaint and the additional documents submitted by the parties. The Court resolves all factual conflicts and draws all reasonable inferences in Pit Viper's favor. *Id.* at 782–83.

shipping from China. The listing on Amazon for the Counterfeit Product indicated it was a seller-fulfilled listing. The Counterfeit Product was removed from Bytebyte's online storefront on October 22, 2023, several days after the TRO issued in this case.

According to Bytebyte, Pit Viper's investigator placed the only one order it received for the Counterfeit Product on August 15, 2023. Pit Viper's investigator ordered the Counterfeit Product, which cost $21.99, from Bytebyte, using Pit Viper's counsel's address as the shipping address. The investigator received an order confirmation. But on August 20, 2023, the investigator received a notification that the order had been cancelled.

Bytebyte contends that it would not have known where to ship the Counterfeit Product, providing a historical screenshot of the order from its Amazon seller portal, which does not display the shipping address because the order had been cancelled. Bytebyte claims that it did not actively monitor the email account associated with its Amazon storefront, instead conducting its business through the Amazon seller portal. Pit Viper has submitted information about Amazon's online platform that shows that, at the time that Bytebyte received the order for the Counterfeit Product, Bytebyte would have seen the shipping address in the seller portal.

According to Pit Viper, a search on Baidu.com, a Chinese search engine similar to Google, reveals websites that provide e-commerce operators with tactics for how to identify if a rights owner places a test order. The various postings include shipping addresses that are often associated with such orders, including the Chicago, Illinois address that Pit Viper's investigator used to purchase the Counterfeit Product. The websites advise sellers to refuse to ship to those addresses.

Pit Viper has also provided declarations and supporting materials that indicate that, when opening an online storefront on Amazon, a seller must affirmatively select the locations to which

3

it will ship products. Bytebyte had the option to choose not to ship to particular states. Given the availability of the Counterfeit Product for shipment to Illinois, it affirmatively chose to allow Illinois consumers to purchase that and other of its products. Bytebyte also used coupon campaigns and targeted advertising on Amazon to drive sales to products listed on its online storefront.

## ANALYSIS

### I. Personal Jurisdiction

Bytebyte has moved to dismiss Pit Viper's complaint, contending that the Court lacks personal jurisdiction over it. When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, as it does here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

4

In federal question cases, the Court may exercise personal jurisdiction over a defendant only if "federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Lanham Act does not authorize nationwide service of process, and so the Court may exercise jurisdiction over Bytebyte only if authorized both by the United States Constitution and Illinois law. *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 902 (N.D. Ill. 2015). The Illinois long-arm statute authorizes courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States constitutions. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing 735 Ill. Comp. Stat. 5/2-209(c)). This standard effectively merges the federal constitutional and state statutory inquiries. *N. Grain Mktg.*, 743 F.3d at 492. Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393; *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010).

The Due Process Clause of the United States Constitution permits a court to exercise jurisdiction when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). And importantly, "the question of personal jurisdiction hinges on the defendant's—not the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023); *see also Purdue*, 338 F.3d at 780

("Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity").

Personal jurisdiction may be either general or specific.[3] *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). Neither side argues that the Court can exercise general jurisdiction over Bytebyte, so the Court focuses on the specific jurisdiction analysis. Specific jurisdiction is "case-linked." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]he suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919). Here, to establish minimum contacts that create specific personal jurisdiction, Bytebyte must have purposefully directed its activities at Illinois or purposefully availed itself of the privilege of conducting business in Illinois, and Pit Viper's alleged injury must arise out of or relate to Bytebyte's forum-related activities. *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

Pit Viper claims that these requirements are satisfied here. In its complaint, Pit Viper alleged that Bytebyte holds itself out as willing and able to sell the Counterfeit Product to Illinois and that, on information and belief, had sold the Counterfeit Product to customers in Illinois. Further, Pit Viper produced evidence that it purchased a Counterfeit Product for shipment to Illinois, only to have the purchase cancelled several days later. Bytebyte argues that because it

---

[3] The Supreme Court has recently emphasized that a third method of establishing personal jurisdiction exists where a defendant has consented to suit in the forum. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023). Because Pit Viper does not argue that Bytebyte consented to suit in Illinois, the Court need not address the implications of *Mallory* further.

never actually shipped the Counterfeit Product to Pit Viper in Illinois, however, this Court does not have jurisdiction over it.

In *NBA Properties, Inc. v. HANWJH*, the Seventh Circuit confronted the question of what sufficed to subject a foreign e-commerce store like Bytebyte to personal jurisdiction in Illinois with respect to claims of online counterfeiting. 46 F.4th 614 (7th Cir. 2022). The Seventh Circuit found purposeful direction at Illinois where the defendant established an online storefront, indicated a willingness to sell to Illinois, and fulfilled an order by "intentionally shipping an infringing product to the customer's designated Illinois address." *Id.* at 624. The court refused to require more than a single sale of the allegedly infringing product to Illinois and further rejected the defendant's argument that a test sale should not suffice because it amounted to an effort by the plaintiff to manufacture jurisdiction, noting that "what matters is [the defendant's] structuring of its own activities so as to target the Illinois market," not the plaintiff's motivations in making the purchase. *Id.* at 624–25.

Here, Pit Viper has presented evidence that its investigator placed an order for the Counterfeit Product for shipment to an Illinois address, receiving a confirmation email shortly thereafter. But five days later, the investigator received notification that the order had been cancelled. While Bytebyte contends that the investigator cancelled the order, it presents no evidence to support this supposition, while Pit Viper presents declarations and supporting materials that suggest that Bytebyte cancelled the order, likely in an attempt to avoid the potential jurisdictional implications of fulfilling such an order. Pit Viper has also presented evidence of the extensive steps that Bytebyte would have had to take to establish an online storefront on Amazon that allows for shipment to Illinois. At this stage, Pit Viper need only make out a prima facie case of jurisdiction, and the Court must take all factual allegations in its

7

complaint as true unless refuted by Bytebyte and must resolve all factual conflicts in Pit Viper's favor. *Curry*, 949 F.3d at 392–93; *Felland*, 682 F.3d at 672. Using this standard, taken together, Pit Viper's evidence sufficiently demonstrates purposeful direction.[4] *See NBA Props.*, 46 F.4th at 625 ("Here, HANWJH shipped a product to the forum only after it had structured its sales activity in such a manner as to invite orders from Illinois and developed the capacity to fill them. It cannot now point to its 'customers in Illinois and tell us, It was all their idea.'" (quoting *uBID, Inc.*, 623 F.3d 421, 428 (7th Cir. 2010))); *Monster Energy Co.*, 136 F. Supp. 3d at 906 (defendants "expressly elected to do business with the residents of all fifty states, including Illinois," where they "intentionally created and operated commercial, fully interactive AliExpress Internet stores" and "affirmatively selected a shipping template to ship" products to Illinois); *see also Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 277–78 (2d Cir. 2024) (the defendant's acceptance of orders with New York shipping addresses sufficed for jurisdictional purposes even though the defendant cancelled the orders and refunded the purchase price to the customer).

The Court also has no issue finding the remaining requirements for personal jurisdiction met. The contact at issue clearly relates to this suit. *See NBA Props.*, 46 F.4th at 625 ("This requirement is met when direct sales from the defendant in the forum state involve the infringing product."). And while Bytebyte is a foreign entity, courts have found "no unfairness in making a

---

[4] Pit Viper also argues that Bytebyte's sales of other products to Illinois support the exercise of personal jurisdiction in this case. While one court in this district has found personal jurisdiction over defendant e-commerce businesses where they sold non-accused goods in Illinois, *see Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942, at *4 (N.D. Ill. July 9, 2024), the Court disagrees that specific jurisdiction can be founded on such unrelated contacts. *See Curry*, 949 F.3d at 400 ("The proper exercise of specific jurisdiction also requires that the defendant's minimum contacts with the forum state be '*suit-related*'" (quoting *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014))); *see also Goodyear*, 564 U.S. at 930 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); *B.D. v. Samsung SDI Co.*, 91 F.4th 856, 863 (7th Cir. 2024) (sales of batteries other than the accused model did not relate to the alleged injury and so could not support specific personal jurisdiction); *Advanced Tactical*, 751 F.3d at 801 ("The only sales that would be relevant are those that were related to [the defendant's] allegedly unlawful activity.").

seller defend a suit in a state where it structures its business to 'easily serve the state's consumers.'" *Id.* at 627 (quoting *Curry*, 949 F.3d at 402). Here, Bytebyte has done just that, taking steps to make its products, including the Counterfeit Product at issue in this case, available to Illinois customers. Therefore, the Court finds it does not offend traditional notions of fair play and substantial justice for Bytebyte to defend against Pit Viper's claims in this forum. *See uBID, Inc.*, 623 F.3d at 433 ("There is no unfairness in requiring GoDaddy to defend that lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much."); *Hemi*, 622 F.3d at 760 ("Hemi wants to have its cake and eat it, too: it wants the benefit of a nationwide business model with none of the exposure. There is nothing constitutionally unfair about allowing Illinois, a state with which Hemi has had sufficient minimum contacts, to exercise personal jurisdiction over Hemi.").

In summary, the Court finds that Pit Viper has established a prima facie case of personal jurisdiction over Bytebyte. Bytebyte structured its activities to target United States and Illinois consumers, and it initially accepted the test order with an Illinois shipping address. The Court cannot allow Bytebyte to avoid this Court's jurisdiction by apparently cancelling a test order for the Counterfeit Product five days after it was placed, particularly where Pit Viper's proffered evidence suggests that the cancellation occurred because Bytebyte realized that Pit Viper's investigator had purchased the Counterfeit Product in order to file suit against Bytebyte.

## II. Bytebyte's Request for a More Definite Statement

Alternatively, Bytebyte asks that the Court order Pit Viper to provide a more definite statement in an amended complaint with more specific information about the acts that Bytebyte took that constitute trademark infringement and which of Pit Viper's trademarks Bytebyte allegedly infringed. Rule 12(e) permits a party to request a "more definite statement of a

pleading" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Wright v. Vill. of Phoenix*, No. 97 C 8796, 2000 WL 246266, at *9 (N.D. Ill. Feb. 25, 2000) (quoting *Dimensions Med. Ctr., Ltd. v. Principal Fin. Grp., Ltd.*, No. 93 C 6264, 1995 WL 51586, at *3 (N.D. Ill. Feb. 6, 1995)). Rule 12(e) is "designed to strike at unintelligibility rather than want of detail." *Scholz Design, Inc. v. Buralli*, No. 01 C 3650, 2001 WL 1104647, at *4 (N.D. Ill. Sept. 18, 2001).

Here, Pit Viper has sufficiently provided Bytebyte with notice of the nature of its claim, with additional specificity provided through the jurisdictional discovery in which the parties engaged and Pit Viper's additional filings. Pit Viper has identified the trademarks it claims Bytebyte infringed, as well as the Counterfeit Product that allegedly infringed those trademarks. This suffices at the pleading stage to allow Bytebyte to formulate a response; "[a] full description of the facts that will prove the plaintiff's claim comes later." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (plaintiffs need only "to plead *claims* rather than facts corresponding to the elements of a legal theory"); *Remien v. EMC Corp.*, No. 04 C 3727, 2004 WL 2381876, at *2 (N.D. Ill. Oct. 19, 2004) ("Rule 12(e) motions do not function as substitutes for discovery, requiring a party to flesh out its preliminary assertions to the satisfaction of its opponent before the case can proceed out of the pleadings stage."). The Court therefore denies Bytebyte's request for a more definite statement.

**CONCLUSION**

For the foregoing reasons, the Court denies Bytebyte's motion to dismiss or, in the alternative, for a more definite statement [82]. The Court grants Pit Viper's motion to strike portions of Defendant's reply [95].

Dated: December 9, 2024

_____
SARA L. ELLIS
United States District Judge